WINDHORST, J.,
concurs in part and dissents in part for the reasons assigned by LILJEBERG, J., and assigns the following:
believe it is worth emphasizing that this is a case in which the previous change in custody was entirely voluntary on the part of the child’s father. Further, that while the voluntary consent order in this case transferred custody to the maternal grandmother, the decision we make in the case before us will be applied to cases in which a parent or parents are attempting to regain custody of them child from any third parties, whether family or not. If a parent or parents seeking custody can bear the burden of proving that they are worthy parents and that an unfitness — if any previously existed — no longer exists, and that it is in the best interest of the *823 child to return him to his parent or parents, then there should not be an additional and perhaps impossible burden of proving a material change in circumstances in the environment of the custodial home. The fact that custody lies with the grandparent, as opposed to other third parties, makes this an especially difficult decision, but it should not be an influence in determining the standard to be applied in such cases.
The allegation of abuse on the part of the grandparents plays no part whatsoever in my decision. I do not believe it.